UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | No. 1:20-cr-00305-JMS-TAB |
| | ) | |
| RYAN PHELPS, | ) | -01 |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER

On November 19, 2020, the Government filed an Indictment charging Defendant Ryan Phelps with one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. [1.] It filed a Superseding Indictment on June 6, 2023, charging Mr. Phelps with the same offense. Dkt. [87.] Mr. Phelps has now filed a Motion for Leave to File Defendant's Combined Motion to Suppress Search Warrant and All Items Seized From Search of 3709 Drexel Avenue, Indianapolis, and All Statements Taken from Ryan Phelps; Franks Motion; Motion to Dismiss Charge; and for Combined Hearing on Motions ("Motion for Leave"), Dkt. [114], and a Motion to Continue the July 20, 2023 final pretrial conference and the July 31, 2023 trial in this matter, Dkt. [115]. Those motions are now ripe for the Court's review.

### I.
### MOTION FOR LEAVE

In his Motion for Leave, Mr. Phelps argues that his counsel only recently discovered – on May 16, 2023 – that Mr. Phelps was not a lessee of 3709 N. Drexel Avenue – the property where the search warrant that ultimately led to his arrest was executed. Dkt. [114 at 4-8.] He asserts that his counsel then discovered that the owner of 3709 N. Drexel Avenue was a different individual

than that listed on the search warrant, which counsel "believe[es] [is] a potential critical factual misstatement" because the Judge that issued the search warrant "was likely misled into approving the warrant and warrant affidavit on a mistaken belief, and the mistake, if true, was not rebuttable." Dkt. [114 at 7.]  With his Motion for Leave, Mr. Phelps filed a copy of his Verified Combined Motion to Suppress Search Warrant and All Items Seized from Search of 3709 Drexel Avenue, Indianapolis, and All Statements Taken from Ryan Phelps; Franks Motion; Motion to Dismiss Charge; and For Combined Hearing on Motions ("Combined Motion").  Dkt. [114-1.]

The Government opposes Mr. Phelps' Motion for Leave, arguing that Mr. Phelps' request to file the Combined Motion comes "nearly three years after the execution of the search warrant at 3709 N. Drexel and subsequent Indictment, two years after the Government's Rule 16 disclosures and August 5, 2021 pretrial filing deadline, approximately 13 months after receiving the redacted search warrant of the residence, and 25 days before the final pretrial conference," and should be denied.  Dkt. [116 at 6.]  It sets forth arguments regarding why it was reasonable to conclude that firearms used in a murder would be at the residence at 3709 N. Drexel, that Mr. Phelps' counsel has been on notice since July 8, 2021 that Mr. Phelps' was not a lessee of that residence, that Mr. Phelps' counsel has not explained why it took him so long to review the lease and notice the discrepancy with the owner of the property, that counsel could have sought an extension of time to file a motion to suppress at any time, and that any motion to suppress should have been filed "more than a year ago." Dkt. [116 at 11-12.]  The Government also asserts that Mr. Phelps' failure to file a timely motion to suppress has prejudiced the Government because the intel analyst who provided information regarding the 3709 N. Drexel property to the search warrant affiant passed away in October 2022, and the affiant's memory "has understandably faded" in the three years that have passed since preparation of the search warrant.  Dkt. [116 at 13.]  The Government requests

that the Court deny Mr. Phelps' Motion for Leave but that if it is granted, the Combined Motion be fully briefed.  Dkt. [116 at 13.]  It also notes that the parties agree that it would be beneficial for Mr. Phelps to consider the Government's pending plea offer, and that it will extend the offer deadline to a date after resolution of the Combined Motion.  Dkt. [116 at 13-14.]

Mr. Phelps did not file a reply.

A motion to suppress "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Fed. R. Crim. P. 12(b)(3)(C).  "If a defendant wishes to pursue a motion to suppress, he must do so before trial and according to the deadlines set by the district court."  *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011).  Rule 12(c) provides that if a party does not meet the deadline for filing a motion to suppress, "the motion is untimely[, but] a court may consider the defense, objection, or request if the party shows good cause."  "A trial court has discretion when considering an untimely motion [under Rule 12]," and "a party must present a legitimate explanation for his failure to make a timely motion, and absence of prejudice."  *United States v. Hamm*, 786 F.2d 804, 806-07 (7th Cir. 1986) (citation omitted).

The deadline for Mr. Phelps to file a Motion to Suppress was 30 days after his counsel entered an appearance, which occurred on July 6, 2021.  Dkt. [17 at 11]; Dkt. [19].  Mr. Phelps has presented numerous reasons for filing the Combined Motion late, including that there have been several hearings in this case related to his pretrial detention conditions which have taken his counsel's time away from focusing on the substance of this case, his counsel's difficulty in scheduling an interview with Mr. Phelps' brother relating to whether Mr. Phelps was a lessee of the property at 3709 N. Drexel, and his counsel's failure to notice that the owner of the 3709 N. Drexel property was different than the individual listed on the search warrant.  While Mr. Phelps'

counsel perhaps could have been more diligent in timely reviewing the search warrant and property ownership documents, the Court finds that all of these circumstances constitute good cause for Mr. Phelps' failure to file his Combined Motion by the deadline. And, in any event, the Court prefers a pre-trial merits resolution of the suppression issue.

The Court acknowledges that the analyst who provided information regarding 3709 N. Drexel to the search warrant affiant passed away in October 2022, and that three years have passed since preparation of the search warrant. But the Government concedes that "it is fair for counsel [for Mr. Phelps] to argue that he couldn't have determined whether he had a viable suppression motion until he possessed the [search] warrant on May 25, 2022." Dkt. [116 at 11.] It is not clear that any motion to suppress filed shortly after receiving the warrant would have been briefed and ruled on before the analyst's October 2022 death in any event. And the Court does not find significant the fact that three years have passed since preparation of the search warrant, and a conclusory statement that the affiant's memory has faded is not sufficient to demonstrate prejudice.[1] *See, e.g.*, *United States v. Brock*, 782 F.2d 1442, 1444 (7th Cir. 1986) (fading "memory of events that occurred" does not establish prejudice); *United States v. Watkins*, 709 F.2d 475, 479 (7th Cir. 1983) ("a general assertion that the mere passage of time prevented [individual] from credibly reconstructing the [relevant] events" does not establish prejudice).

In sum, the Court finds that Mr. Phelps has presented apparent good cause for his tardy filing of the Combined Motion and that the Government will not be unduly prejudiced by the delay in filing. The Court **GRANTS** Mr. Phelps' Motion for Leave, Dkt. [114], and **DIRECTS** the Clerk

---

[1] The Court notes that the Government filed a Superseding Indictment on June 6, 2023 – just under eight weeks before the scheduled July 31, 2023 trial and over two and a half years after the original Indictment was filed. *See* Dkt. [1]; Dkt. [87]. While the Superseding Indictment does not add new counts, it is not apparent why the Government waited until recently to file it.

to docket the Combined Motion, Dkt. [114-1], as a separate motion.  The Court further **ORDERS** the Government to file any response to the Combined Motion by **July 21, 2023** and for Mr. Phelps to file any reply by **July 28, 2023**.  Should the Court find that a hearing on the Combined Motion is necessary, it will be scheduled at a later date.

## II.
### MOTION TO CONTINUE

Mr. Phelps requests that the July 20, 2023 final pretrial conference and the July 31, 2023 trial in this matter be continued due to his Motion for Leave and his request that the Court rule on his Combined Motion, arguing that "there is insufficient time between now and the current[ly] scheduled July 31, 2023, jury trial setting, for a briefing schedule, a Frank's hearing, and the Court to consider, the [Combined Motion] should the Court order the briefing schedule and then schedule the matter to proceed to a Frank's hearing."  Dkt. [115 at 5.]

In its response, the Government requests that if the Motion for Leave is granted, the final pretrial and trial be re-scheduled and any delay be excludable from the Speedy Trial Act.  Dkt. [116 at 14.]

Because the Court has granted Mr. Phelps' Motion for Leave and ordered the parties to complete briefing on the Combined Motion, the Court **GRANTS** Mr. Phelps' Motion to Continue. Dkt. [115.]  The July 20, 2023 final pretrial conference and the July 31, 2023 trial are **VACATED** and will be re-set by separate entry.  The Court finds that the ends of justice served by the continuance outweigh the best interests of the public and Mr. Phelps to a speedy trial.  The delay attributable to the changed trial date shall be excludable from the computation of time pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3163.  The interests of justice are best served by the delay so that the Court can consider and rule on the Combined Motion and both Mr. Phelps and the Government can adequately prepare for and receive a fair trial and/or attempt an agreed

resolution of the case, and those interests outweigh the interests of the public and Mr. Phelps in a speedy trial in this case.

### III.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mr. Phelps' Motion for Leave, [114], and **DIRECTS** the Clerk to docket the Combined Motion, [114-1], as a separate motion and exhibits starting with [114-2 through 114-9]. The Court further **ORDERS** the Government to file any response to the Combined Motion by **July 21, 2023** and for Mr. Phelps to file any reply by **July 28, 2023**. Should the Court find that a hearing on the Combined Motion is necessary, it will be scheduled at a later date. The Court also **GRANTS** Mr. Phelps' Motion to Continue, [115], and **VACATES** the July 20, 2023 final pretrial conference and the July 31, 2023 trial. They will be re-set by separate entry.

Date: 7/7/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

6